IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANTWAN LAMAR NELSON**                                        **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 3:17CV716 CWR-LRA**

**DR. UNKNOWN NATAL, ET AL.**                                **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nelson is currently incarcerated at the Federal Correctional Complex ("FCC-Petersburg") in Petersburg, Virginia. He files the instant Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against prison officials for allegedly violating his Eighth Amendment constitutional rights during his previous confinement at the Federal Correctional Complex ("FCC-Yazoo") in Yazoo City, Mississippi. Nelson alleges that FCC-Yazoo Defendants: Dr. Unknown Natal; Nurse Unknown Jones; Nurse Unknown Tipton; Dr. Unknown McCoy; Warden Unknown Mosley; Supervisor Unknown Fernando; Lieutenant John Doe; Assistant Warden Unknown Jenkins; and, Assistant Warden Unknown Carlton were deliberately indifferent to his medical needs. Defendants request an order of dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, on the grounds of insufficient service of process,[1] failure to exhaust administrative remedies, and qualified immunity. Having

---

[1] The docket in this case reflects that the United States Attorney General was not served pursuant to this Court's Order on December 19, 2017. See Fed. R. Civ. P. 4(i)(A)-(B). To rectify the

considered the submissions of the parties and the applicable law, the undersigned recommends that this cause be dismissed for failure to exhaust administrative remedies.

**1.**

Nelson claims that he received inadequate medical care after injuring his hand playing basketball on or around November 7, 2015.  He asserts that he was not given X-rays right away because officials told him the X-ray machine was not working. Instead, the attending nurse made a make-shift splint using an ace bandage, which exacerbated his hand pain.  Approximately one month later, Nelson states that X-rays revealed he had a broken hand, and nearly six weeks after his initial injury, he was fitted with the proper splint.  Plaintiff avers that he is entitled to relief because he experienced pain, swelling, discoloration, and a deformed hand.  He seeks $100,000.00 in damages.[2]

**2.**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, *or any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (emphasis added).  Federal prisoners suing under *Bivens* must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative process prior to instituting a section 1983 suit.  *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v.*

---

oversight, copies of the Court's order, summons, Plaintiff's Complaint and other pleadings were served by certified mail on January 28, 2019.  ECF Nos. 10.

[2] ECF Nos. 1, 27.

*Ngo,* 548 U.S. 81, 85 (2006), citing *Nussle*, 534 U.S. at 524 (exhaustion required for any suit challenging prison conditions, not just for suits under section 1983).

Federal inmates such as Nelson must exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x. 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

28 C.F.R. §§ 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful,

the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

The "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because Defendants rely on matters outside the pleadings, the motion to dismiss should be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers,* 938 F.2d 565, 568 (5th Cir.1991). This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712. Thus, to prevail here, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor."

4

*Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).  The undersigned has reviewed the record and the parties' submissions and finds the unrebutted summary judgment evidence establishes Nelson's failure to *fully* exhaust his administrative remedies.

### 3.

Plaintiff's response to the motion to dismiss is twofold:  He asserts that he should be exempt from exhaustion both because the Warden failed to respond, and because his transfers to other facilities rendered the administrative remedies process unavailable.

In support, he submits two exhibits.  The first exhibit includes a set of documents entitled "BP-8 Administrative Remedy Informal Resolution Attempt," while the second exhibit is entitled "BP-9 Administrative Remedy."  Nelson asserts that he filed his BP-9 form the same day his BP-8 form "was returned unresolved by staff."  However, he was transferred to another facility before the Warden responded and has received no response as of yet.  The first transfer was to Butner-Medium in North Carolina where Nelson claims he also received inadequate medical care.  He was then held for 30 days at the federal transfer center at FTC-Oklahoma City, where he was denied access to his special splint and provided only an ace bandage for his hand.  From there, Nelson states that he was transferred to his current facility, FCC-Petersburg, where his injuries have continued to go untreated and his claims unaddressed.  The repeated transfers, according to Nelson, made exhaustion futile because he would have been required "to restart the process over

5

at every institution he transferred to, all while in excruciating pain and having his hand fuse together without proper support."[3]

Defendants advise, via an affidavit from the Deputy Case Management Coordinator at FCC-Yazoo, that while an inmate must first present his complaint for informal resolution by submitting a BP-8 form, the Bureau's electronic database does not begin tracking the administrative remedies process until the inmate initiates formal review by filing a BP-9 form with the Warden. Defendants point out that nothing on the BP-9 form Nelson presents demonstrates that it was ever submitted to or received by any official. A search of the electronic database also reveals that no administrative remedy filings by Nelson have ever been recorded.[4]

Assuming arguendo that the Warden at FCC-Yazoo failed to respond as Plaintiff alleges, it is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint. Nelson must pursue the "grievance remedy to conclusion." *Hollingsworth*, 260 F.3d at 358; *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019). The Bureau's administrative remedies policy expressly provides: "If the inmate is unsatisfied with the Warden's decision, *or the Warden does not respond*, the inmate may appeal to the Regional Director within 20 calendar days."[5] It also states: "If the inmate does not receive a response within the time allotted for reply, including extension, the

---

[3] ECF No. 27, p. 8.

[4] ECF No. 23-3.

[5] *Id.* at p. 2 (emphasis added).

inmate may consider the absence of a response to be a denial at that level." When Nelson failed to receive a response to his BP-9, he was required to proceed to the next step. The lack of response did not excuse his failure to exhaust.

Nelson's contention that his transfers rendered the process futile or unavailable also fails. "Under § 1997e(a), the exhaustion requirement hinges on the "availab[ility]" of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016). The Supreme Court has described three instances in which an administrative procedure may be considered unavailable for purposes of the PLRA's exhaustion requirement: "[A]n administrative remedy may be unavailable where (1) prison officials are unable or consistently unwilling to provide any relief to aggrieved inmates, (2) the administrative scheme is so opaque that it becomes, practically speaking, incapable of use by an ordinary prisoner, or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Hinton v. Martin*, 742 F. App'x. 14, 15 (5th Cir. 2018) (quoting *Blake*, at 1859-60) (internal quotation marks omitted).

Nelson does not contend, in either his Complaint or traverse, that any of these examples are present with respect to his claims in the instant case. *Martin*, 742 F. App'x. at 15. Although he maintains that the administrative remedies process was futile and rendered unavailable by his subsequent transfers to other facilities, he does not present any evidence to support this conclusory allegation. This Court may "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided

7

otherwise." *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Nelson "does not contend that there were any problems at the new facility that prevented him from filing grievances regarding the incident [at FCC-Yazoo] and has not alleged how his transfer[s] otherwise impeded his ability to file a grievance within the required time period." *Lindsey v. Striedel*, 486 F.App'x. 449, 452 at *2 (5th Cir. 2012).  Although he claims the subsequent facilities also failed to provide adequate medical care, he fails to explain how they have prevented him from filing his administrative grievances.  He does not contend, for instance, that he was denied access to the requisite forms or writing tools.  And, while new forms would certainly have to be filed regarding any new grievances at these facilities, Nelson was not required to "restart the process" concerning his claims at FCC-Yazoo.  The mere transfer to new facilities does not excuse the failure to exhaust.

Nelson failed to complete the prescribed administrative procedure beyond the initial level.  Neither the lack of response nor his transfers exempted him from the requirement to exhaust. The exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. at 532.

For these reasons, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be granted for failure to exhaust administrative remedies and that this case be dismissed.  The arguments raised by Defendants in the alternative need not be addressed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on February 14, 2019.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
