# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ANTWAN LAMAR NELSON**                                                            **PLAINTIFF**

**V.**                                       **CAUSE NO. 3:17-CV-716-CWR-LRA**

**DR. UNKNOWN NATAL, ET AL.**                                            **DEFENDANTS**

## ORDER

Before the Court is plaintiff Antwan Lamar Nelson's objection to the Magistrate Judge's Report and Recommendation. Docket No. 38.

Nelson first contends that administrative exhaustion is not required when an inmate seeks monetary damages. The Fifth Circuit disagrees:

> Thompson asserts he was not required to exhaust his administrative remedies because he sought relief unavailable from the administrative process (monetary damages). To the contrary, a prisoner is required to exhaust administrative remedies even when seeking such damages. *E.g., Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001); *see also, e.g., Murrell v. Chandler,* 109 Fed. Appx. 700, 700–01 (5th Cir. 2004) (per curiam).

*Thompson v. Houston Fed. Det. Ctr.*, 598 F. App'x 295, 296 (5th Cir. 2015). Nelson's proffered authorities on the issue either do not support his argument (*Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007)) or predate the PLRA (*Patsy v. Fla. Int'l Univ.*, 634 F.2d 900, 904 (5th Cir. 1981), *rev'd sub nom. Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496 (1982)).

Next, Nelson argues that his various transfers "thwarted" and "frustrated" his ability to exhaust administrative remedies. The Report and Recommendation found this argument to be "conclusory" and unsupported by the evidence, and Nelson has not attached anything showing this finding to be erroneous.

Finally, Nelson says that he should not be held responsible for failing to exhaust administrative remedies because prison staff improperly returned his BP-8 grievance as unprocessed. According to the Report and Recommendation, however, Nelson was not deterred by any arguable staff mishandling of his BP-8, as he promptly filed a BP-9 the same day. The problem is that he did not keep going and see the grievance process through to its conclusion.

For these reasons, the objection is overruled and the Report and Recommendation is adopted as this Court's own findings. A separate Final Judgment shall issue this day.

**SO ORDERED**, this the 22nd day of July, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE